UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ZUPPKE,

    Plaintiff,                    Case No. 19-10621

v.                                     HON. GEORGE CARAM STEEH

NATIONAL CREDIT CONTROL
AGENCY, INC., a California corporation,

    Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 10)

Plaintiff filed a complaint against Defendant alleging violations of the Fair Debt Collection Practices Act, the Michigan Collection Practices Act, and the Michigan Regulation of Collection Practices Act. Having obtained a clerk's entry of default, Plaintiff moves for entry of a default judgment. Plaintiff seeks the following categories of damages: (1) statutory damages in the amount of $1,000; (2) actual economic damages in the amount of $18,312; (3) actual non-economic damages in the amount of $5,000; and attorney's fees and costs in the amount of $7,925. The court held a hearing on August 8, 2019, and received testimony from Plaintiff. Plaintiff also submitted additional exhibits in support of his motion. Doc. 16.

- 1 -

Upon review of Plaintiff's motion and the record, the court makes the following findings:

1. Defendant was properly served with the summons and complaint, jury demand, and first amended complaint in this matter.

2. The Clerk of the Court properly entered the default of Defendant and served it with notice.

3. Defendant, by its agents and employees, transacted business and committed tortious acts in violation of the law, within the state of Michigan, which caused adverse consequences within the state of Michigan.

4. This court has determined that it has personal and subject matter jurisdiction over this matter and Defendant.

5. Defendant has failed to plead in this matter.

6. Defendant violated state and federal collection laws as pleaded by Plaintiff.

7. Defendant's violations were intentional, willful, and malicious and directly and proximately caused Plaintiff damages, actual and statutory, plus costs and attorney's fees.

8. Justice requires the issuance of an order or judgment compelling

Defendant to take all reasonable steps to expunge or cause others to expunge, all adverse information reported by Defendant or its client, Coast Anesthesia, on Plaintiff's credit report.

The court may allow up to $1,000 in statutory damages under the FDCPA. See 15 U.S.C. § 1692k(a). Based upon Defendant's conduct, the court finds statutory damages in the amount of $1,000 to be appropriate. The court further finds Plaintiff's request for non-economic damages to be supported by the record, including Plaintiff's testimony that he had spent years rebuilding his credit and that Defendant's actions returned him to "square one." Plaintiff also supported his request for attorney's fees by establishing that both his counsel's hourly rate and hours spent on this matter are reasonable.

Plaintiff's request for economic damages, however, is not adequately supported by the record. Although Plaintiff contends that he will be subject to a higher interest rate when he buys a home, there is no evidence that Plaintiff has actually made this purchase and paid a higher interest rate than he would have otherwise. Moreover, the court will order adverse credit information about Plaintiff that was reported by Defendant to be removed from Plaintiff's credit report. This relief will presumably mitigate or eliminate Plaintiff's actual economic damages.
- 3 -

For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment (Doc. 10) is GRANTED IN PART and DENIED IN PART.

So ordered.

Dated: August 27, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 27, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---